IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:Fidelis Imowo Udo-Utun : | CHAPTER 13 |
| : | |
| : | CASE NO. 06-11854BIF |
| Debtor : | |

## CHAPTER 13 PLAN

The future earnings of the Debtor are submitted to the supervision and control of the Standing Trustee and the Debtor shall pay to the Trustee the sum of $ 298.06 per month for a period of sixty months.

From the payments received, the Trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.

| | | |
|---|---|---|
| Trustees Commission | * 1788.36 | Trustee's Commission not greater than 10%, to be adjusted by Trustee periodically. (*Amount shown is for illustrative purposes only, based on a ten percent commission. Actual commission paid may vary from this.) |
| Attorneys Fees | 1,000.00 | Attorney's fee to be paid under Plan as priority claim after approval of fee application by Court. |
| Taxes | 3,333.00 | |
| | 6121.36 | Taxes due to the Internal Revenue Service, from overpayment of tax refund for 2005. |

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

| | | |
|---|---|---|
| Mortgage Arrears | 0 | No secured claims to be paid under Plan |
| Auto Loan | 0 | |
| Other | 0 | |
| Total | 0 | |

(c) The following secured obligations will be paid entirely outside of the Chapter 13 Plan/directly to the creditor, by continuation of normal monthly payments under an existing contract or agreement:

| Creditor | Obligation Type |
|---|---|
| N/A | |
| | |
| | |

(d) Subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

Unsecured Creditors whose claims are timely filed and allowed shall be paid a pro rata share of the remaining funds:

```
                                                        TOTAL

    Subtotal of payments to creditor under Plan:     $16095.24

    Trustee's Commission at rate to be determined
    from time to time in accordance with applicable
    statute(s) and rule(s) (Amount shown is 10%,
    shown for illustration purposes only):          $ 1788.36
    TOTAL TO BE PAID UNDER PLAN:                    $17883.60
```

(e). The debtor's remaining unallocated income per month will be $ 0 , or 0   % of debtor's monthly income.

3.    The following executory contracts of the debtor are rejected: Lease for commercial property situate at 5601 N. Broad Street, Philadelphia, PA

4.    Title to Debtor's property shall revest in the debtor upon confirmation of the Plan or dismissal of the case, whichever should occur first.

5.    Upon completion of this plan, all debts listed in the Debtors' schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

6.    If prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

7.    Any money or property acquired by either the trustee or the Debtors or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtors if exemptible, and shall be forthwith delivered to the Debtors

8. To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), that portion of the claim which is unsecured shall be provided for as an unsecured claim under this plan. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once the allowed secured claim has been paid in full, either during or after the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records.

9. By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

10. The automatic stay order is in effect as of the date of confirmation. Any sheriffs' sale or foreclosure sale shall be cancelled and not continued to any later date.

11. The amount of your claim shall be fixed by the sum set forth in this Plan. In the absence of an objection and if the Plan is confirmed this amount shall constitute a finding as to the arrears owed.

12. Order of Distribution: The Chapter 13 Trustee shall pay allowed claims in the following order:

    Trustee Commissions
    Other Administrative Claims
    Priority Claims
    Secured Claims
    Unsecured Claims

13. Payment Notices: Creditors and lessors provided for above may continue to mail customary notices and/or coupons to the Debtor and/or the Trustee notwithstanding the automatic stay.

14. Confirmation of this plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay their creditors, within the meaning of 11 U.S.C. § 727(a)(9)

Dated: 7/5/2006                    Debtor: /s/ Fidelis Imowo Udo-Utun

Acceptances may be mailed to Michael W. Gallagher, Esquire, 628 Germantown Pike, Lafayette Hill, PA 19444